**Romeo Umagat TIMBREZA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72507, A45–228–894.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided May 5, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Richard M. Evans, John L. Davis, Shelley R. Goad, U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM**

Romeo Umagat Timbreza, a citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an Immigration Judge ("IJ") finding Timbreza removable both under 8 U.S.C. § 1227(a)(1)(G)(i), for having procured an entry visa through marriage fraud, and under 8 U.S.C. § 1227(a)(1)(G)(ii), for having failed to fulfill a marital agreement made for the purpose of procuring admission as an immigrant. Timbreza also challenges the constitutionality of the BIA's streamlined

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

appeals process under 8 C.F.R. § 1003.1(a)(7). We deny Timbreza's petition for review.

We review the BIA's findings and credibility determinations under the substantial evidence standard of review. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this standard, we uphold findings and credibility determinations made by BIA unless the evidence compels a contrary result. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000). Where, as here, the BIA affirms without opinion, the decision of the IJ is the final agency decision for our review. 8 C.F.R. § 1003.1(e)(4).

■ Timbreza first claims that the BIA's streamlined appeals process deprived him of due process because under streamlined procedures he was not afforded a full and fair hearing and opportunity to present his case on appeal. This claim is foreclosed by *Falcon Carriche v. Ashcroft*, 335 F.3d 1009, *amended by* 350 F.3d 845, 848 (9th Cir.2003), in which we held that "streamlining does not violate an alien's due process rights."

■ Timbreza next asserts that the IJ erred in finding him removable under 8 U.S.C. § 1227(a)(1)(G)(i), for having procured through marriage fraud a visa for entry into the United States. Under this statutory provision a rebuttable presumption of fraudulent marriage arises if an alien gains admission to the United States with a visa procured on the basis of a marriage that is both (1) entered into less than two years before the alien's admission, and (2) judicially annulled or terminated within two years after the alien's admission. *Id.* The alien may overcome this presumption if "the alien establishes to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provisions of the immigration laws." *Id.*

The IJ correctly found that the requirements for the § 1227(a)(1)(G)(i) presumption of fraudulent marriage were satisfied. Timbreza and Linda Florentino were married on July 11, 1994, Timbreza entered the United States on September 22, 1995, less than two years after his marriage, and Ms. Florentino divorced Timbreza on January 19, 1996, less than two years after Timbreza's entry into the United States.

Substantial evidence supports the IJ's further determination that Timbreza was unable to rebut this presumption of fraudulent marriage. Timbreza married Ms. Florentino soon after she arrived in the Philippines on a visit to meet Timbreza for the first time. Timbreza then waited nearly fourteen months to move to the United States to live with his new wife. Once in the United States, the record demonstrates that Timbreza showed little affection towards his wife, and made no attempt to develop or continue a relationship with her and her son. When Ms. Florentino requested that Timbreza move out of her apartment little more than two weeks after his arrival, he did so willingly, and did not attempt to preserve their relationship. Both Timbreza and Ms. Florentino testified that they had never consummated their marriage, not when first married in the Philippines, and not when Timbreza finally came the United States for his brief sojourn in Ms. Florentino's apartment. Timbreza did not present substantial evidence that he married Ms. Florentino for reasons other than to secure entry into the United States; and even if he had, the evidence recited above is substantial evidence supporting the IJ's conclusion that the presumption of fraud was not rebutted. The evidence before the IJ does not compel a contrary conclusion.

Timbreza last asserts that it was error for the IJ to find him removable under 8 U.S.C. § 1227(a)(1)(G)(ii), for failing to fulfill a marital agreement made for the purpose of procuring admission as an immigrant. Aliens who are "immediate relatives" of United States citizens are afforded the opportunity to obtain lawful permanent residence status. 8 U.S.C. § 1151(b)(2)(A)(I). However, aliens who marry United States citizens less than twenty-four months before obtaining lawful permanent residence status based on that marriage are given only conditional permanent residence for a two year period. 8 U.S.C. § 1186a. The alien and the citizen spouse must subsequently file a joint petition requesting removal of conditional status and certifying that their marriage is bona fide and has not been judicially terminated or annulled. 8 U.S.C. § 1186a(c)-(d).

Under certain circumstances, the alien spouse may seek a waiver of this joint filing requirement. One basis for a waiver is established when the alien demonstrates that "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse)...." 8 U.S.C. § 1186a(c)(4). However, if the INS determines that the alien married for reasons other than good faith, including *inter alia* marriage entered into "for purpose of procuring an alien's admission as an immigrant," then the alien is neither entitled to a waiver of the joint filing requirement nor entitled to permanent residence status. 8 U.S.C. § 1186a(c)(3).

In determining whether a terminated marriage was entered into in good faith, the IJ must decide whether the alien, at the time of marriage, intended to enter into a bona fide marriage. *Bark v. INS*, 511 F.2d 1200, 1202 (9th Cir.1975). The conduct of the alien both before and after the marriage is relevant to the determination of the alien's intent. *Id.* Evidence of separation after marriage, "standing alone, cannot support a finding that a marriage was not bona fide" when entered into, but such evidence is "relevant to ascertaining whether [the parties] intended to establish a life together when they exchanged marriage vows." *Id.*

Substantial evidence supports the IJ's determination that Timbreza was not eligible for a waiver of the joint filing requirement because Timbreza married for reasons other than good faith. The IJ noted the lack of intimacy in the relationship between Timbreza and Ms. Florentino, Timbreza's inattention to Ms. Florentino's concerns, and Timbreza's lack of effort to build a relationship with Ms. Florentino following his arrival in the United States. The IJ also credited Ms. Florentino's testimony that she suspected that Timbreza had married her solely to procure a visa to enter the United States. This evidence before the IJ does not compel a conclusion contrary to that reached by the IJ.

**PETITION FOR REVIEW DENIED.**[1]

1. On August 7, 2002, Timbreza filed with this court a motion for stay of removal. Under *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), "we will construe [a] motion to stay removal as including a timely motion to stay voluntary departure." Timbreza's motion to stay voluntary departure is **GRANTED** retroactive to the date of his motion to stay removal.

The BIA decision, dated July 31, 2002, granted Timbreza permission to voluntarily depart from the United States within 30 days

from the date of that decision. Pursuant to this circuit's General Order 6.4(c), Timbreza's motion stayed the BIA's removal order. This stay, construed as a stay of removal and as a stay of voluntary departure, will expire upon issuance of the mandate in this case. Timbreza will have 23 days after the issuance of the mandate to depart voluntarily.